IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE WOLINSKY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 4615 |
| | ) | |
| | ) | |
| | ) | Magistrate Judge Arlander Keys |
| v. | ) | |
| | ) | |
| SENIOR HEALTH INSURANCE | ) | |
| COMPANY OF PENNSYLVANIA, | ) | |
| f/k/a CONSECO SENIOR HEALTH | ) | |
| INSURANCE COMPANY, f/k/a | ) | |
| AMERICAN TRAVELERS LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's motion to dismiss (ECF No. 64) and Plaintiff's motion that the Court reconsider its denial of her motion for appointment of counsel (ECF No. 69). For the reasons set forth below, Plaintiff's motion for reconsideration is denied and the motion to dismiss is granted.

## I.    Background & Procedural History

Plaintiff, Jeanette Wolinsky, is a 92 year old woman. On July 8, 2011, she filed a complaint against the Senior Health Insurance Company of Pennsylvania ("SHIP"). The complaint relates to long-term care insurance policy number 373934 (the "Policy"). In the Complaint, Plaintiff seeks a declaratory judgment that the Policy had not terminated, was in-force, that her benefits be restored under a restoration of benefits

provision in the Policy, and alleges breach of contract. Due to Plaintiff Jeanette Wolinsky's age and health, Plaintiff's former counsel's communications regarding the prosecution and settlement of this case were transmitted and conducted through Plaintiff's adult daughter, Debra Wolinsky, pursuant to a broad power of attorney. Prior to the filing of this action in 2009, Debra Wolinsky hired The Gleason Law Group, PC to represent her mother.

The parties conducted an unsuccessful settlement conference on December 21, 2011. Defendant claims that it "became clear at the December 21, 2011 conference that Debra Wolinsky was driving the litigation against SHIP, not Plaintiff." Mot. to Dismiss at p. 1. After the settlement conference, the parties conducted discovery. During the Spring of 2012, Defendant filed multiple motions to compel against Plaintiff and the Court ordered non-party Debra Wolinsky to comply with subpoenas for production. ECF No. 38.

On August 1, 2012, Nancy Richter of the Gleason Law Group, PC, who had represented Plaintiff since the inception of this case, filed a motion to withdraw as Plaintiff's counsel. ECF No. 42. In that motion, Plaintiff's counsel stated that "irreconcilable differences between Plaintiff's counsel and her client's daughter [Debra Wolinsky] have arisen regarding both the prosecution and settlement of the case." ECF No. 42. Plaintiff's counsel was not present at the August 1, 2012 status hearing.

2

However, Debra Wolinsky appeared in person and informed the Court
that she had fired Ms. Richter and that she intended to proceed
*pro se*. The Court set a hearing date for the motion to withdraw
for August 15, 2012.

On August 15, 2012, the Court held a hearing on the motion
to withdraw. Both Plaintiff's counsel, Nancy Richter, and Debra
Wolinsky were present at the hearing. Ms. Richter stated on the
record that she could not represent Jeanette Wolinsky "in a
diligent fashion" "given [her] relationship with Ms. Debra
Wolinsky." Transcript of Oral Argument 8/15/12 at 5. Debra
Wolinsky was adamant that she wanted the record to reflect that
she had fired Ms. Richter. *Id.* at 6. The Court granted
Plaintiff's counsel's motion to withdraw and instructed Debra
Wolinsky to hire new counsel for the Plaintiff by October 1,
2012. Also on that date, the Court set a status hearing for
October 15, 2012 at 9:00 a.m. *Id.* at 13-14.

Debra Wolinsky failed to hire a new attorney. Instead, on
September 28, 2012, Debra Wolinsky requested that the Court
appoint counsel by filing a motion for the appointment of counsel
and supporting *in forma pauperis* application and financial
affidavit. ECF Nos. 53, 54.

Next, on October 1, 2012, the Court sent out an order
reminding the parties of the status hearing set for October 15,
2012 and instructed "plaintiff to appear in person or through new

3

counsel." ECF No. 52. No one for Plaintiff attended the October
15, 2012 hearing. The Court noted, at that time, that Debra
Wolinsky had filed a motion for appointment of counsel on behalf
of her mother with a supporting affidavit containing *her (Debra
Wolinsky's)* financial condition. ECF No. 57. The Court pointed
out that it would consider the financial condition of the
Plaintiff Jeanette Wolinsky, not Debra Wolinsky, in ruling on the
request and advised Plaintiff to file a fully executed affidavit
of the financial condition of Jeanette Wolinsky. *Id.* The status
hearing was continued to October 22, 2012.

On October 22, 2012, the Plaintiff's representative Debra
Wolinsky appeared for the status hearing and was granted an
extension of time, to November 5, 2012, to file a fully executed
affidavit concerning the financial condition of Jeanette Wolinsky
in order for the Court to consider the motion for appointment of
counsel. ECF No. 58. Debra Wolinsky filed a new *in forma
pauperis* application and financial affidavit (the "Second
Affidavit") that same day. ECF No. 60. In addition, on October
22, 2012, she filed an appearance form for *pro se* litigants with
the Court. ECF No. 59.

On October 30, 2012, the Court entered the following order:

Upon review of Plaintiff's financial affidavit which she
submitted in support of her Motion for Appointment of
Counsel, the Court notes that Debra Wolinks[y], who has
power of attorney over Plaintiff's affairs and who completed
the affidavit, failed to properly complete items 4(a)
through (f), which require yes or no answers, followed by

4

certain explanations. In addition, items 4(g), 5, 6, 7 and 9 are incomplete. From a review of the affidavit, it would appear that Plaintiff has household income of $ 1,520.00 per month from social security benefits plus an amount from other sources, to which Debra Wolinsk[y], who has full power of attorney, has limited knowledge or access. This information is insufficient for the Court to determine whether Plaintiff can afford to retain counsel. Therefore, the Motion for Appointment of Counsel is denied without prejudice at this time. ECF No. 63.

After the Court entered this order, Plaintiff did not file an amended or corrected financial affidavit. On November 21, 2012, Defendant filed its Motion to Dismiss, or in the alternative seeking the removal of Debra Wolinsky from this action. ECF No. 64. On December 3, 2012, Debra Wolinsky, on behalf of Plaintiff, filed a response to the Motion to Dismiss (totaling 217 pages). ECF No. 68. On December 5, 2012, she filed a motion to reconsider the Court's ruling regarding the appointment of counsel. ECF No. 69.

On December 5, 2012, the Court heard extensive oral arguments on both pending motions. At that time, the Court granted the portion of Defendant's motion seeking the removal of Debra Wolinsky, a non-attorney, from further participation in this case as representative of Jeanette Wolinsky. Tr. 12/5/12 at 3-4, 41. The Court found that, pursuant to Illinois law, Debra Wolinsky, as a non-attorney, cannot "prosecute a case on behalf of her mother" despite the broad terms of the power of attorney. *Id.* The Court took the motion to dismiss and motion for reconsideration under advisement. The Court again advised Debra

Wolinsky that she should retain counsel for her mother in this matter. ECF No. 70. Neither party has filed anything since that date and no appearance on behalf of an attorney for Plaintiff has been filed.

## II. Discussion

### A. Motion for Reconsideration

In Plaintiff's motion for reconsideration, non-party Debra Wolinsky states that "it is clear that my 92 year old mother needs representation immediately." Mot. To Recon. at p. 2. The Court agrees. However, Plaintiff provides no legal support and no factual basis is given to persuade the Court that counsel should be appointed by the Court to represent Plaintiff in this matter. Instead, in Debra Wolinsky's motion to reconsider, she discusses other litigation that she is or has been involved in and cites her inability to obtain funds to pay an attorney in this matter due to Plaintiff's money being controlled by the Trustee of her trust (the "Trust") and the Trustee's decision not to release funds for this litigation.

The Court has reviewed the voluminous letters exchanged between Debra Wolinsky and the Trustee between March, 2012 and August, 2012, which she submitted in response to the motion to dismiss, and most of which have nothing to do with this litigation. It is clear from these letters that there is an on-going, adversarial relationship between them and differences of

opinion regarding the Trustee's administration of the Plaintiff's Trust and his decisions related thereto. In summary, the Trustee has implied that Debra Wolinsky has engaged in lavish spending on herself and others, for which she has sought reimbursement from the Trust, while Debra Wolinsky has accused the Trustee of thievery, fraud and self-dealing in his administration of the Trust.  To be clear, the Court has no opinion as to the validity of either of these accusations or implications.  The bottom line is that the Trustee has declined to approve the expenditure of funds from Plaintiff's very sizeable Trust for this litigation and Debra Wolinsky has informed the Trustee that any award in this case will not become part of the Trust.(*See* letter dated 6/8/2012).

When a person files a petition to proceed *in forma pauperis*, the Court reviews the materials to satisfy two factors: first, that the plaintiff's claim of poverty is true and, second, that the proposed action is not frivolous or malicious. See § 1915(d); *Aiello v. Kingston*, 947 F.2d 834, 836 (7th Cir. 1991).  Here, the Court discovered that the claim of indigence is not true.  The evidence gathered in this case shows Plaintiff's financial ability to obtain an attorney.  Plaintiff's deceased husband set up the Trust containing funds to be distributed for his wife's financial obligations after his death.  The Trust is paying approximately $4,000 a month for Plaintiff's rent in Chicago and

7

$182 a day for her caregiver.  TR 12/5/12 pp. 7, 25.  In
addition, it appears that Plaintiff owns some 5,000 acres of
property in Brazil and a condo in Buffalo Grove, Illinois.  TR.
12/5/12 pp. 18, 19.  Plaintiff's daughter testified that there is
approximately $1.6 million in the Trust, $400,000 in a Merrill
Lynch account, and possibly additional monthly income from a
family business, Chantilly, Inc.  TR 12/5/12 pp. 20-21, 25.  In
addition, Plaintiff's original attorney in this action was paid
$2,000.00 by Debra Wolinski. TR. 12/5/12 p. 13.  Therefore, the
Court cannot find that Plaintiff is indigent and cannot afford to
retain counsel.  The Court's decision to deny Plaintiff's request
for appointment of counsel was correct.

Federal Rule of Civil Procedure 59(e) allows a party to file
a motion to alter or amend a prior ruling.  To be successful, the
moving party must either present newly discovered evidence or
establish a manifest error of law or fact.  *Moro v. Shell Oil
Co.*, 91 F.3d 872, 876 (7th Cir. 1996).  Plaintiff did not present
any relevant newly discovered evidence or establish a manifest
error of law or fact in her motion.  In the motion to reconsider,
Debra Wolinsky states that "my mother has no money to pursue
SHIP..." Motion for Recon. at p. 1.  The Court knows that this is
not an accurate statement.  The evidence shows that Plaintiff has
money, but that the Trust, and not Plaintiff's daughter, controls
Plaintiff's money and property.  This is not a factor that the

8

Court will consider in appointing counsel *in forma pauperis*. The affiant must show that he or she genuinely is impoverished. 28 U.S.C.A §1915. Plaintiff cannot do that in this case and Plaintiff presents no new evidence or error made by the Court in coming to its decision to deny appointment of counsel. Therefore, Plaintiff's motion for reconsideration is denied. The Court's October 30, 2012 ruling denying Plaintiff's motion for appointment of counsel stands.

**B. Motion to Dismiss**

In the motion to dismiss, Defendant argues that the case should be dismissed with prejudice for two reasons. First, Defendant argues that the mandatory sanction of dismissal should be applied here, because there was a false representation of indigence when attempting to proceed *in forma pauperis*. Second, Debra Wolinsky's dilatory conduct and undue delay is grounds to dismiss this case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**1. False Representation**

According to 28 U.S.C.A. § 1915(e)(2)(A), the Court shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue. In *Heath v. Walters*, the Seventh Circuit found that dismissing a case for filing a false affidavit of poverty is the appropriate sanction for intentionally misleading the Court. *Heath v. Walters*, 151 F.3d

1032 (7th Cir. 1998). As noted above, Debra Wolinsky completed the first financial affidavit that she filed with her own financial information, which is not proper as she is not the Plaintiff in this matter. The Court gave the Plaintiff a second chance to request appointment of counsel by inviting her to correct the affidavit with the plaintiff's financial information. Plaintiff did not file a corrected affidavit and on October 22, 2012, the Court allowed Plaintiff an extension of time to file the corrected affidavit.

The Second Affidavit, filed on October 22, 2012, was filled out by Debra Wolinsky on behalf of Jeanette Wolinsky pursuant to the power of attorney. ECF No. 60. In support of the request to proceed without full payment of fees and for appointment of counsel, Plaintiff states that she receives approximately $1,520 in social security benefits a month. *Id.* at p. 2. Beyond information, the Second Affidavit is mostly incomplete, containing nineteen answers of "don't know," "Trustee?" or "?" where true and accurate financial information was required. Defendant argues that Plaintiff, while actually having significant financial resources, claimed indigence "by omitting true information about the Plaintiff's finances from the Second Motion and Second Affidavit" and therefore, requests that the Court sanction Plaintiff with dismissal of this case. Mot. to Dismiss at p. 5.

10

In response to Defendant's Motion to Dismiss, Plaintiff filed 217 pages of documents, many of which chronicle the disputes between Debra Wolinsky and the Trustee. ECF No. 68. These papers include Plaintiff's power of attorney for healthcare and property appointing Debra Wolinsky, correspondence between Debra Wolinsky and the Trustee of Plaintiff's Trust, cancelled checks, the Trust Agreement, and lien documents. ECF No. 68. Instead of arguing that Plaintiff is indigent, Debra Wolinsky, through the documents, shows the Court Plaintiff's financial situation and argues instead that "she has no access to her monies and has been refused by her thieving Trustee for any money beyond 6 items. He has specifically denied attorney costs for SHIP." *Id.*

The Court recognizes that the Second Affidavit, by the omissions, was misleading. However, the Court found that this document was incomplete and denied the motion for appointment of counsel on that grounds. It became apparent through the documents produced by Debra Wolinsky and at the hearing before the Court on December 5, 2012, that Debra Wolinsky was much more familiar with her mother's financial situation and had knowledge of her money and property when she answered with "I don't know" and question marks on the Second Affidavit. While the Court is concerned by Debra Wolinsky's lack of candor in the Second Affidavit, the Court does not find that the acts merit dismissing the case as it does not appear that Debra Wolinsky, on behalf of

11

Plaintiff, intentionally misled the Court.  *See Jones v. Wexford
Health Sources*, 2011 WL 2036445(7th Cir. 2011)(reversing
dismissal of complaint where plaintiff's actions were not
deliberate).  When questioned about the omissions on the Second
Affidavit at the December 5, 2012 hearing, Debra Wolinsky
willingly discussed at great length the financial situation of
her mother, the situation of the Trust and her tumultuous
relationship with the Trustee, the fact that the Trustee will not
approve payment for an attorney for this litigation, going so far
as to enlighten the Court of her own financial situation in
depth, even discussing the costs of remodeling her own kitchen.
TR. 12/5/12.  It became apparent by Debra Wolinsky's immediate
willingness to inform the Court of these matters, that Debra
Wolinsky, on behalf of the Plaintiff, did not fill out the Second
Affidavit in bad faith or in an attempt to defraud the Court, but
in confusion as to the legal requirements of appointing counsel
*in forma pauperis*.  Therefore, the Court will not dismiss the
Complaint as a sanction for the way Debra Wolinsky filled out the
Second Affidavit.

**2.   Want of Prosecution**

Next, Defendant argues that this case should be dismissed
for want of prosecution.  Federal Rule of Civil Procedure 41(b)
provides that, "[i]f the plaintiff fails to prosecute or to
comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This case was filed on July 8, 2011. Since that time, due to the disagreements between Plaintiff's previous counsel and Debra Wolinsky and the fact that Plaintiff has not been represented by counsel since August 2012, the case has made little progress.

While this case was filed by former counsel in the name of Jeanette Wolinsky, it is clear that non-party Debra Wolinsky is the driving force behind this litigation. Indeed, the testimony of Debra Wolinsky at the December 5, 2012 hearing indicates that her mother has had no involvement in filing or prosecuting this case and that she is incompetent to do so. Also, in order to receive discovery responses in this case, Defendant had to file multiple motions to compel against Plaintiff and the Court ordered non-party Debra Wolinsky to comply with subpoenas for production. ECF No. 38.

Then, due to the disputes between Plaintiff's previous counsel and Debra Wolinsky, Plaintiff's counsel withdrew, after being fired by Debra Wolinsky. Since that time, through written orders and in open court, the Court has given Debra Wolinsky numerous opportunities and warnings that she should retain new counsel to represent Plaintiff, advising her that she is required to hire counsel for her mother and that she herself, a non-attorney, cannot represent her mother. ECF Nos. 47, 52, 70. Debra Wolinsky has informed this Court that she is unable to hire

13

a new attorney to represent Plaintiff, as Plaintiff's funds are controlled by the Trust, and that the Trustee, through the guidelines of the Trust Agreement, has determined that he will not release any funds for this litigation.  TR. 12/5/12 p. 28. Now, six months after Plaintiff's counsel withdrew and even longer since this case has been prosecuted, no attorney has filed an appearance on behalf of Plaintiff.  The Court is sympathetic to Debra Wolinski's desire to prosecute this case on behalf of her mother, notwithstanding the decision of the Trustee not to do so.  The fact is, however, that Plaintiff does have sufficient assets to afford to retain counsel and that she had done so until prior counsel was fired.  Clearly, this case cannot continue without counsel and the Court can find no basis for appointing counsel to represent Plaintiff.

"Dismissal for failure to prosecute is appropriate where there is 'a clear record of delay or contumacious conduct.'" *Malone v. Foster Wheeler Constructors, Inc.,* 21 Fed.Appx 470, 472 (7th Cir. 2001)(citing *Dunphy v.* McKee, 134 F.3d 1297, 1299 (7th Cir. 1998)).  The undue delay in this case, with no end in sight, is prejudicial to Defendant.  The Court is not required to continue a case indefinitely until a civil plaintiff can retain counsel after discharging the initial counsel and with no prospects of hiring new counsel.  *Id.* at 472-73.  Therefore, Defendant's motion to dismiss this case for want of prosecution under Federal Rule of Civil Procedure 41(b) is granted.

14

### III. Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration is denied and Defendant's motion to dismiss for want of prosecution is granted. Accordingly, it is hereby ORDERED that this case be, and the same hereby is, DISMISSED with prejudice.

Dated: January 31, 2013

ENTER:

ARLANDER KEYS
United States Magistrate Judge